UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 05-10304-GAO-16

UNITED STATES OF AMERICA

v.

RICHARD DURAN,
Defendant.

ORDER
June 24, 2014

O'TOOLE, D.J.

## I. Background

The defendant, Richard Duran, pled guilty in January 2008 to a charge of conspiracy to distribute heroin and cocaine, in violation of 21 U.S.C. § 846. In April 2008, he was sentenced to a term of imprisonment of 33 months and three years of supervised release. Because he had been held in pretrial detention for over two years, for which he was given credit against his sentence of incarceration, he served only a few days more in custody on the sentence before commencing his term of supervised release.

In June 2010, the defendant was arrested on a warrant for an alleged violation of a condition of his supervised release, and in July 2010, the Court revoked the defendant's period of supervised release and imposed a sentence of time served and a new period of supervised release.

While the revocation proceedings were in progress, a detainer was lodged by the Bureau of Immigration and Customs Enforcement (ICE). Two months later, the defendant was deported to the Dominican Republic. He returned to the United States without permission at some point

thereafter and was charged with unlawful reentry in violation of 18 U.S.C. § 1326. That charge is pending in United States v. Duran, No. 13-cr-10216-GAO.

The defendant has filed a petition for a writ of error coram nobis, alleging that at the time he pled guilty in this case, he was denied effective assistance of counsel concerning the potential immigration consequences of his guilty plea. The defendant claims that his attorney incorrectly advised him that he had derivatively gained citizenship at the age of seventeen when his mother became a naturalized citizen. He has submitted an affidavit in which he asserts that he pled guilty because he was assured by his attorney that he would not be deported as a consequence of his conviction because he was a U.S. citizen.

## II. Discussion

The writ of error coram nobis may be invoked when other remedies, including the remedy provided by 28 U.S.C. § 2255, are unavailable and there has been an error "of the most fundamental character" that can and should be corrected. United States v. Morgan, 346 U.S. 502, 512 (1954). It is available to vacate a conviction after the sentence has been fully executed and the defendant is no longer in custody. See id. at 512-13.

In this Circuit, a petitioner must satisfy the following requirements to be eligible for coram nobis relief:

> the petitioner must first adequately explain his failure to seek relief earlier through other means; second, he must show that he continues to suffer a significant collateral consequence from the judgment being challenged and that issuance of the writ will eliminate this consequence; and third, he must demonstrate that the judgment resulted from a fundamental error. The petitioner bears the burden of persuasion on all three steps.

Murray v. United States, 704 F.3d 23, 29 (1st Cir. 2013) (internal citations omitted). "Even if the petitioner meets all three of the conditions in the coram nobis eligibility test, the court retains

discretion to grant or deny the writ, depending on the facts and circumstances of the individual case." Id. at 29-30 (citing United States v. George, 676 F.3d 249, 255 (1st Cir. 2012)).

The government does not dispute that the defendant has met the first two conditions. The defendant did not have reason to challenge his conviction until ICE rejected his claim of citizenship and ordered him deported. He now faces a criminal charge for illegal reentry and removal again. The key issue is whether the defendant has demonstrated that his conviction represents "a fundamental error" that justice requires to be corrected.

The defendant's claim is that his 2008 conviction should be vacated because his lawyer's representation of him at that time was constitutionally ineffective under the doctrine of Strickland v. Washington, 466 U.S. 668, 685 (1984), because she gave him erroneous advice about the prospect of his being deported after his conviction. At the time of his guilty plea, it was the law of this Circuit that because deportation was only a "collateral" consequence of his conviction, the Strickland constitutional rule was inapplicable. United States v. Gonzalez, 202 F.3d 20, 25 (1st Cir. 2000). See also United States v. Rodriguez, 2012 WL 5932064, at *5 & n.4 (D. Mass. Nov. 6, 2012) (recognizing the state of the circuit law prior to 2010). The distinction between "direct" and "collateral" consequences of a plea for Strickland purposes, and the characterization of the possibility of deportation as the latter, was widely shared among circuit courts. See Chaidez v. United States, -- U.S. --, 133 S. Ct. 1103, 1109 & n.7 (2013). At the time of Duran's conviction, under prevailing circuit precedent, he had no claim of Strickland error for any failure of his criminal counsel to advise him about the "collateral" consequence of deportation, because Strickland was held not to apply. Gonzalez, 202 F.3d at 25.

In Padilla v. Kentucky, 559 U.S. 356 (2010), the Supreme Court held, contrary to the prevailing view among the lower federal courts:

3

> Deportation as a consequence of a criminal conviction is, because of its close connection to the criminal process, uniquely difficult to classify as either a direct or a collateral consequence. The collateral versus direct distinction is thus ill suited to evaluating a Strickland claim concerning the specific risk of deportation. We conclude that advice regarding deportation is not categorically removed from the ambit of the Sixth Amendment right to counsel. Strickland applies to Padilla's claim.

559 U.S. at 366.

Unfortunately for Duran, in Chaidez, the Supreme Court held that Padilla's holding that Strickland *does* apply to advice concerning the effect of a conviction on the prospect of deportation was a "new rule" under Teague v. Lane, 489 U.S. 288 (1989), and as such was not to be given retroactive effect. 133 S. Ct. at 1113. Duran, whose conviction was final before Padilla, cannot invoke it in support of his present petition. With no retroactive application of Padilla to aid him, he cannot establish a basis for relief from his conviction under Strickland. His present petition must be denied on that basis alone.

In light of this, I do not resolve the question whether he received ineffective assistance of counsel or not. I note, however, that the transcript of the plea colloquy demonstrates that the defendant knew that if he was not a U.S. citizen, deportation was likely. He also knew that, while he and his lawyer had a theory as to why he should be regarded a citizen, the question had not yet been resolved. He also knew, because counsel said it at the colloquy, that she had referred the citizenship issue to an immigration lawyer to handle. It is far from apparent that the writ of error coram nobis would issue even if the Padilla rule could be applied to the defendant's case.

### III. Conclusion

For the reasons stated herein, the defendant's Motion to Vacate (dkt. no. 630) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge